UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICARDO CARMICHAELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05CV1022(DJS) |
| ) | |
| CHARLES SHAW, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ricardo Carmichaell for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks damages for alleged violations of his constitutional rights. Named as defendants are Charles Shaw, James Knappenberg, and Brad Dede. Plaintiff alleges that the defendants - attorneys in private practice - failed to provide him his constitutional rights in connection with a state criminal prosecution.

### Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, to the extent that plaintiff seeks damages for breach of contract, this Court lacks jurisdiction to

entertain plaintiff's claim because plaintiff and the defendants are citizens of the same state. See 28 U.S.C. § 1332 (diversity of citizenship). Second, to the extent that plaintiff is attempting to assert a civil rights claim under 42 U.S.C. § 1983, the actions of a private attorney do not constitute actions taken under "color of law." See Harkins v. Eldredge, 505 F.2d 802, 803 (8th Cir. 1974). Therefore, plaintiff's complaint does not state a claim under § 1983.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this  13th   day of October, 2005.


/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE